## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

Timothy Beers

      v.                                                  Case No. 20-cv-968-LM

Warden, New Hampshire
State Prison, et al.[1]

### REPORT AND RECOMMENDATION

    Timothy Beers, an inmate at the New Hampshire State Prison
for Men ("NHSP") who is proceeding in forma pauperis without any
attorney, has filed a verified civil complaint seeking
injunctive and monetary relief claiming that the defendants —
all NHSP employees — have failed to provide proper medical and
dental care, have opened his legal mail outside of his presence,
and have retaliated against him.  His complaint (Doc. No. 1) is
before the court for preliminary review pursuant to 28 U.S.C.
§ 1915A and LR 4.3(d)(1).  Also referred to the undersigned
magistrate judge for a report and recommendation are Beers's two
motions asking the court to enjoin NHDOC officials from
retaliating against him (Doc. Nos. 5 & 9).

---

    [1] Beers names the following persons as defendants: NHSP
Warden Edmark, New Hampshire Department of Corrections ("NHDOC")
Commissioner Helen Hanks, NHDOC Director of Security Chris
Kench, NHDOC Medical Director Paula Mattis, NHDOC Deputy Medical
Director Bernie Campbell, NHSP "Dr. Groblewski," NHSP Dental
Director "White," NHSP Registered Nurses ("RN") John/Jane Does
#1-8, NHSP Medical Records Personnel John/Jane Does #1-4, NHSP
Corrections Officers John/Jane Does 1 & 2, and the NHDOC
Postmaster, all in their individual and official capacities.

## Preliminary Review Standard

Pursuant to this court's authority to subject inmate complaints and complaints filed in forma pauperis to preliminary review, the court may dismiss claims sua sponte if the court lacks subject matter jurisdiction, a defendant is immune from the relief sought, the complaint fails to state a claim, or the action is frivolous or malicious.  See 28 U.S.C. §§ 1915A(b), 1915(e)(2); LR 4.3(d)(1).  In determining whether a pro se pleading states a claim, the court must construe the pleading liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).  To determine whether to dismiss claims for failure to state a claim, the court takes as true the factual content in the complaint and inferences reasonably drawn from those facts, strips away the legal conclusions, and considers whether the plaintiff has stated a claim for relief that is plausible on its face. Hernandez-Cuevas v. Taylor, 723 F.3d 91, 102-03 (1st Cir. 2013) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

## Background

Beers seeks injunctive and monetary relief for prison officials' alleged deliberate indifference to his serious medical needs.  Beers claims that since at least September 2019, the NHDOC medical department has failed to provide proper care for his hearing impairment by not ordering necessary parts for his defunct hearing aids.  Compl. (Doc. No. 1, ¶ 14).  According

to Beers, he has sent numerous medical request slips to NHSP's
medical department to have his hearing aids fixed.  Id. ¶ 16.
Medical staff have reportedly failed to order parts that would
allow Beers's hearing aids to properly function.  Id. ¶ 15.
Beers alleges that, in spring 2020, he had a phone conference
with Dr. Groblewski and RN Wendy and was "assured that this
matter would be resolved quickly."  Id. ¶ 17.  Beers maintains
that, despite these assurances, he has been without "proper"
hearing aids for over one-and-a-half years.  Id. ¶ 27.

Beers further states that, on an unspecified date, he also
talked with a "hearing aid specialist" and notified that person
that he would need a hearing test to "tune" his new hearing aids
correctly.  Id. ¶ 25.  Beers alleges that he never received such
a test.  Additionally, when the hearing aid specialist sent
temporary hearing aid tubes to the prison, an NHDOC nurse
allegedly could not "get them to fit right" and told Beers: "you
fix it or make do or whatever you want."  Id. ¶ 26.

Beers additionally claims that he has sent numerous request
slips asking NHDOC staff for routine medical and dental care but
has been denied such care for more than one-and-a-half years.
Id. ¶¶ 22, 29, 31, 33.  With respect to medical care, Beers
relays that he is supposed to have quarterly diabetic checkups,
but despite being scheduled for many appointments (which were
subsequently cancelled), he has not received a checkup for over

3

one-and-a-half years.  Id. ¶ 28.  In addition, Beers claims that
he has sent many request slips about medication renewals, "had
to go to sick call" to get refills, and, on June 29, 2020, "was
charged $3.00 for the visit," even though sick call visits are
"supposed to be free."  Id. ¶ 19.  As to his dental needs, Beers
alleges that he has similarly sent many request slips for teeth
cleaning and teeth repair over the past two years but has
received neither cleanings nor repairs.  Id. ¶¶ 22-23.  Beers
asserts he has grieved the above-alleged incidents, as well as
NHDOC staff's alleged refusal to respond to request slips, to
NHDOC Director of Medical and Forensic Services Paula Mattis,
Warden Edmark, and NHDOC Commissioner Helen Hanks.  Id. ¶¶ 31,
33, 34, 35, 41, 46-47.  He also claims that, on two occasions,
NHDOC employees opened letters addressed to him from the New
Hampshire Supreme Court ("NHSC") when Beers was not present.
Compl. (Doc. No. 1, ¶ 36).

### Discussion

Beers's complaint identifies multiple causes of action in
which he contends the defendants, acting in both their
individual and official capacities, violated his federal
constitutional rights.  For these claims, Beers seeks
preliminary and permanent injunctions ordering the defendants
to, among other things, address his grievances and perform their
duties as set by NHDOC's rules and policies.  Id. at 25.  He

4

also seeks monetary damages, including punitive damages.  Id.
Liberally construed, Beers's allegations attempt to assert eight
constitutional claims for relief arising under 42 U.S.C. § 1983.

Section 1983 creates a cause of action against those who,
while acting under color of State law, violate federal
constitutional or statutory provisions.  See Gray v. Cummings,
917 F.3d 1, 7-8 (1st Cir. 2019) (citing 42 U.S.C. § 1983)).  In
order for a defendant to be held liable under § 1983, his or her
conduct must have caused the alleged constitutional or statutory
deprivation.  See Monell v. Dep't of Soc. Servs., 436 U.S. 658,
692 (1978); Soto v. Flores, 103 F.3d 1056, 1061-62 (1st Cir.
1997).  Because Beers's claims allege violations of federal
constitutional law by state actors, they arise under § 1983.

## Claim(s) To Be Served

### Claim 1 – Inadequate medical care

Beers contends that prison officials, with deliberate
indifference, deprived him of adequate medical care by failing
to provide (a) working hearing aids, (b) prescribed medications,
(c) routine examinations and treatments, and (d) other
accommodations to his special medical needs.  Compl. (Doc. No.
1, at 10).  Beers argues that, in doing so, these unspecified
officials violated his Eighth Amendment right that "prohibits
prison officials from depriving inmates of basic substances."
Id.  These and other allegations sufficiently state an Eighth

Amendment inadequate medical care claim for Claims 1(a) and 1(b) for the purpose of preliminary review.

The Eighth Amendment "govern[s] the permissible conditions under which prisoners are held and . . . establish[es] the medical treatment those prisoners must be afforded." Kosilek v. Spencer, 774 F.3d 63, 82 (1st Cir. 2014) (citing Farmer v. Brennan, 511 U.S. 825, 832 (1994)). Undue suffering, unrelated to any legitimate penological purpose, is considered a form of punishment proscribed by the Eighth Amendment. Id. (citing Estelle v. Gamble, 429 U.S. 97, 103 (1976)).

To prove an Eighth Amendment violation for inadequate medical care, a prisoner must demonstrate that: (1) he or she has a serious medical need, and (2) prison officials exhibited deliberate indifference to that need. See id. (citing Estelle, 429 U.S. at 106) (holding that inadequate treatment must be "sufficiently harmful to evidence deliberate indifference to serious medical needs"); Sires v. Berman, 834 F.2d 9, 12 (1st Cir. 1987). The first element is an objective one. Kosilek, 774 F.3d at 82. To be objectively "serious," there must be "a sufficiently substantial 'risk of serious damage to [the inmate's] future health.'" Farmer, 511 U.S. at 843 (internal citation omitted). Courts have found medical needs to be serious if they have "been diagnosed by a physician as mandating treatment" or are "so obvious that even a lay person would

easily recognize the necessity for a doctor's attention."
Gaudreault v. Municipality of Salem, Mass., 923 F.2d 203, 208
(1st Cir. 1990).  This does not impose upon prison officials,
however, "a duty to provide care that is ideal, or of the
prisoner's choosing."  Kosilek, 774 F.3d at 82 (internal
citations omitted); see also Torraco v. Maloney, 923 F.2d 231,
235 (1st Cir. 1991) (requiring that care be "so inadequate as to
shock the conscience" (quoting Sires, 834 F.2d at 13)).

    The second element, by comparison, is a subjective standard
focusing on "what the jailers knew and what they did in
response."  Burrell v. Hampshire Cty., 307 F.3d 1, 8 (1st Cir.
2002).  To meet his or her burden, the inmate must show that
"the failure in treatment was purposeful."  Kosilek, 774 F.3d at
82 (citing, among other cases, Estelle, 429 U.S. at 105 (holding
that "an inadvertent failure to provide adequate medical care"
is not a constitutional violation).  "The typical example of a
case of deliberate indifference would be one in which
treatment is denied in order to punish the inmate."  Perry v.
Roy, 782 F.3d 73, 79 (1st Cir. 2015) (internal quotation marks
omitted).  A showing of "wanton disregard" will also suffice.
Id. (internal citation omitted).

    Here, Beers's allegations, taken as true for purposes of
this court's preliminary review, satisfy the necessary elements
of an inadequate medical care constitutional claim at this stage

of proceedings.  Beers's allegations intimating that he is deaf
or hard of hearing and diabetic (or pre-diabetic) suggest that
he may have at least two serious medical needs.  See Gilmore v.
Hodges, 738 F.3d 266, 276 (11th Cir. 2013) ("Substantial hearing
loss that can be remedied by a hearing aid can present an
objectively serious medical need."); Gross v. Landry, No. 1:17-
CV-00297-JAW, 2017 WL 5509995, at *3, 2017 U.S. Dist. LEXIS
190339, at *6-7 (D. Me. Nov. 17, 2017) (finding that an inmate
with hearing issues had pled a serious medical need), R&R
adopted, 2017 WL 6454235, 2017 U.S. Dist. LEXIS 207126 (D. Me.
Dec. 18, 2017); Hammonds v. Theakston, 833 F. App'x 295, 300
(11th Cir. 2020) (finding that "Type 1 diabetes is a 'serious
medical condition'").  Additionally, his allegations plausibly
show that the defendants knew of these conditions and
purposefully denied him treatment for over a year through a
pattern of denying or delaying prescriptions and functioning
hearing aids.  See Reaves v. Dep't of Correction, 333 F. Supp.
3d 18, 24 (D. Mass. 2018) (finding triable issue on deliberate
indifference where there was a "pattern of denying, delaying,
and/or interfering with [an inmate's] medical care over a
prolonged and significant period of time").

     Accordingly, in an Order issued simultaneously with this
R&R ("Simultaneous Order"), the court directs service of Claims
1(a) and 1(b), as identified above, on the NHDOC defendants

responsible for providing Beers with medical care, including
defendants Campbell, Groblewski, and RN John/Jane Does #1-8.[2]
Additionally, the court gives Beers the opportunity to amend his
complaint as to Claims 1(c) and 1(d), to allege facts showing,
with specificity, how the alleged delay or denial of any medical
examinations or the failure to provide unspecified
accommodations related to a diagnosed medical condition, or
other serious medical need, toward which the defendants acted
with deliberate indifference.

### Claims for which Beers Is Granted Leave to Amend

**Claim 2 – Inadequate dental care**

Beers claims that the defendants, with deliberate
indifference, deprived him of adequate dental care by canceling
his dental appointments and not responding to his request slips
for teeth cleaning and teeth repair.  Beers represents that he
has not had his teeth cleaned or repaired for over two years,
and that such deliberate indifference to his dental needs
violates his Eighth Amendment rights.  In doing so, he has
failed to plead a claim for inadequate dental care that may
proceed past preliminary review.

---

[2] For all claims addressed in this order, service is
directed upon the defendants in their individual capacities with
respect to Beers's claims for damages under 42 U.S.C. § 1983,
and upon the defendants in their official capacities as to
Beers's requests for injunctive relief under 42 U.S.C. § 1983.

"Denial of dental care is considered a denial of medical care, which can constitute an Eighth Amendment violation when prison authorities are deliberately indifferent to a prisoner's serious medical needs." Roy v. Wrenn, No. 07-CV-353-PB, 2008 WL 11509969, at *7, 2008 U.S. Dist. LEXIS 19944, at *22-24 (D.N.H. Feb. 29, 2008), R&R adopted, 2008 WL 11509965, 2008 U.S. Dist. LEXIS 28220 (D.N.H. Apr. 4, 2008). "Although a mere delay in needed dental care will not violate the Eighth Amendment, when that delay causes or gives rise to a substantial risk of serious harm to a prisoner, the requisite deliberate indifference to a serious medical need is found." Id. (citing Farrow v. West, 320 F.3d 1235, 1243-44 (11th Cir. 2003) (need for dental care combined with the effects of not receiving it may give rise to an Eighth Amendment claim), and Boyd v. Knox, 47 F.3d 966, 969 (8th Cir. 1995) (delay in dental care coupled with knowledge of patient's pain can support Eighth Amendment claim)).

Beers's bare allegations that he has not received teeth cleanings or teeth repair for over two years, without additional information as to the nature or need for such treatments, fail to show that he has a serious medical or dental health need or that the defendants acted with deliberate indifference. Accordingly, in a Simultaneous Order, the court gives Beers the opportunity to amend his complaint to state an Eighth Amendment inadequate dental care claim by adding non-conclusory

allegations that show, among other things, (1) how the denial of
his requests for teeth cleanings or teeth repairs posed a
"sufficiently substantial 'risk of serious damage to [his]
future health,'" see Farmer, 511 U.S. at 843; (2) the identity
of the defendants who denied him treatment; and (3) what each
defendant specifically knew and did in response to each of
Beers's requests for teeth cleanings and repairs.

**Claim 3 – Supervisory liability**

Beers contends that the defendants with supervisory roles
over the prison medical department are liable for their
subordinates' constitutional violations, including their
refusals to respond to inmate request slips, because the
supervisors, upon information and belief, received notice of a
pattern of denied medical treatments though a lawsuit against
NHDOC concerning the deficient provision of medical services,
but thereafter failed to take remedial actions in response to
Beers's grievances for denial of medical care.  Compl. (Doc. No.
1, at 16, 20).  Liberally construed, these allegations fall
short of stating a supervisory liability claim.

"A supervisory liability claim under section 1983 has two
elements: the plaintiff must plausibly allege that 'one of the
supervisor's subordinates abridged the plaintiff's
constitutional rights' and then forge an affirmative link
between the abridgement and some action or inaction on the

supervisor's part." Parker v. Landry, 935 F.3d 9, 14 (1st Cir. 2019) (citations omitted). "Although a supervisor need not personally engage in the subordinate's misconduct in order to be held liable, his [or her] own acts or omissions must work a constitutional violation." Id. "Facts showing no more than a supervisor's mere negligence vis-à-vis his [or her] subordinate's misconduct are not enough to make out a claim of supervisory liability." Id. An inmate like Beers must, at minimum, "allege facts showing that the supervisor's conduct sank to the level of deliberate indifference" as to Beers's allegedly unaddressed medical needs. See id.

"A showing of deliberate indifference has three components: the plaintiff must show (1) that the officials had knowledge of facts, from which (2) the official[s] can draw the inference (3) that a substantial risk of serious harm exists." Id. (internal quotation marks and citations omitted). "In order for a subordinate's earlier conduct to put officials on notice of a substantial risk of serious harm, there must be some fact or facts that, whether viewed singly or in combination, plausibly signal a likelihood that particular misconduct may occur." Id. "An isolated incident that concerns arguably relevant misconduct, without more, typically will not be enough to ground a reasonable inference that a substantial risk of serious harm was in prospect." Id. "[I]f the complaint contains facts

plausibly showing deliberate indifference, the plaintiff must also allege facts giving rise to a causal nexus between the supervisor's acts or omissions and the subordinate's misconduct." Id.

Here, Beers's allegations, even when liberally construed, fail to show an affirmative link between the alleged abridgement of his constitutional rights and some action or inaction on any supervisory official's part. Additionally, his allegations do not adequately show that any supervisory official was on notice of a substantial risk of serious harm to Beers's medical conditions such that any alleged action or inaction on their part was the product of deliberate indifference rather than mere negligence. Accordingly, in a Simultaneous Order, the court gives Beers the opportunity to amend his complaint to add non-conclusory allegations that satisfy the elements of an Eighth Amendment supervisory liability claim. To do so, Beers must (1) identify the specific supervisors whose subordinates abridged his constitutional rights. Additionally, he must (2) identify, or include additional factual content describing, the specific lawsuit against NHDOC that allegedly placed the defendant supervisors on notice of a pattern or practice "of not providing medical services," see Compl. (Doc. No. 1, at 16, 20), (3) allege additional facts showing that the supervisory defendants knew of, or could have drawn the inference that, a

substantial risk of serious harm to Beers existed; and/or
(4) explain how each supervisor's acts or omissions specifically
caused or contributed to an abridgment of Beers's constitutional
rights by a subordinate.   To the extent Beers seeks to assert a
supervisory liability claim based on his grievances, he must
further allege facts describing the relevant date and contents
of such grievances, as well as how each supervisor responded to
such grievances.  See Whitten v. Blaisdell, No. 09-CV-450-SM,
2010 WL 376903, at *5, 2010 U.S. Dist. LEXIS 13138, at *14-15
(D.N.H. Jan. 22, 2010) (allowing supervisory liability claim to
proceed based on supervisor's inaction in response to the
plaintiff's grievances), R&R adopted, 2010 WL 583981, 2010 U.S.
Dist. LEXIS 13184 (D.N.H. Feb. 12, 2010).

**Claim 4 – Retaliation**

     Beers contends that defendants have retaliated against him
by, among other things, (a) refraining from answering inmate
request slips about his medical needs, (b) canceling medical
appointments for necessary medical needs, (c) not having certain
medical supplies needed by Beers, including hearing aid parts in
stock when Beers saw medical staff, (d) failing to refill
prescriptions and schedule appointments in a timely manner, and
(e) making Beers wait excessive amounts of time for medical
appointments, only for them to be cancelled.  Compl. (Doc.
No. 1, at 17-18).  Beers contends such retaliatory acts violated

14

his Eighth Amendment right "that prohibits prison official from depriving inmates of basic substances."  Id.  In doing so, Beers articulates no meaningful distinction between this retaliation-based claim and his inadequate medical care claim.  The court therefore construes Beers's allegations of retaliation as pleading a retaliation claim arising under the First Amendment.

To state a claim for retaliation for the exercise of First Amendment rights, an inmate must allege facts showing that: (1) he or she "engaged in a protected activity," (2) the prison or its agents "took an adverse action against" the inmate, and (3) "there is a causal link between the former and the latter."  See Hannon v. Beard, 645 F.3d 45, 48 (1st Cir. 2011) (internal citations omitted).  Although de minimis adverse acts taken in response to protected speech are not actionable, an adverse act is not de minimis if it would deter an inmate of ordinary firmness from exercising his or her First Amendment rights.  See Starr v. Dube, 334 F. App'x 341, 342-43 (1st Cir. 2009) (inmate of "ordinary firmness" would not be deterred in the exercise of his First Amendment rights where a disciplinary charge was filed against him, provided he could defend himself against the charge and that there is no indication that such a defense would be futile).

In his complaint, Beers alleges that: he filed inmate request slips about his medical needs; NHDOC medical staff

refrained from responding to these grievances; NHDOC staff
contemporaneously failed to keep or timely schedule medical
appointments; and NHDOC staff failed to make available parts
that would ensure Beers's hearing aids worked.  Liberally
construed, these allegations demonstrate that Beers, by filing
grievances, engaged in protected activity, see Hannon, 645 F.3d
at 48; see also Boudreau v. Englander, No. CIV. 09-CV-247-SM,
2009 WL 2602361, at *6, 2009 U.S. Dist. LEXIS 81468, at *17
(D.N.H. Aug. 24, 2009) (finding adverse action where inmate was
denied, among other things, pain medication, other forms of pain
relief, medical passes, and a consultation with a specialist).
Nevertheless, they do not demonstrate the requisite causal
connection between an adverse action that is more than de
minimis and the exercise of a First Amendment right.

Accordingly, in a Simultaneous Order, the court gives Beers
the opportunity to amend his complaint to state a First
Amendment retaliation claim by adding non-conclusory allegations
that specifically show a causal connection between the adverse
actions he alleges and protected First Amendment conduct.  To do
so, Beers must (1) identify the specific individual(s) who
allegedly retaliated against him, (2) allege additional facts
showing what specific adverse action each identified defendant
took against Beers, (3) show how each adverse action was non-de
minimis, and (4) allege facts showing how Beers's engagement in

activities protected by the First Amendment was a but-for cause
for each allegedly adverse action taken against him.

## Claims Recommended for Dismissal

### Claim 5 – Equal protection (medical)

Beers alleges that the NHSP medical staff harassed him by
(a) canceling and not rescheduling medical appointments, (b) not
having medical supplies such as shots on hand, (c) not
responding to inmate request slips, and (d) not providing
"accommodations specific to his special medical needs," all in
violation of "his Fourteenth Amendment right that prohibits
prison officials from depriving inmates of equal protection."
Compl. (Doc. No. 1, at 15, 23-24). These allegations are not
sufficient to sustain an equal protection claim that survives
preliminary review.

The Equal Protection Clause of the Fourteenth Amendment
commands that no State shall "deny to any person within its
jurisdiction the equal protection of the laws." U.S. Const.
amend. XIV, § 1. Though the "Equal Protection Clause does not
forbid classifications," it does "keep[] governmental
decisionmakers from treating differently persons who are in all
relevant respects alike." Nordlinger v. Hahn, 505 U.S. 1, 10
(1992). To state a claim, a plaintiff must allege facts
indicating that, "compared with others similarly situated, [he]
was selectively treated . . . based on impermissible

considerations such as race, religion, intent to inhibit or
punish the exercise of constitutional rights, or malicious or
bad faith intent to injure a person." Barrington Cove Ltd.
P'ship v. Rhode Island Hous. & Mortg. Fin. Corp., 246 F.3d 1, 7
(1st Cir. 2001) (quoting Rubinovitz v. Rogato, 60 F.3d 906, 909-
10 (1st Cir. 1995)) (emphasis in original).

    Stripped of legal conclusions about violations of his right
to equal protection, Beers's "equal protection" allegations fail
to state a claim upon which relief can be granted.  Beers has
not alleged facts showing, for example, that prison officials
treated him differently compared to any other "similarly
situated" inmates.  Additionally, he has failed to allege facts
demonstrating that prison officials treated him differently
based on any impermissible considerations.  See also Boivin v.
Black, 225 F.3d 36, 42 (1st Cir. 2000) (holding that prisoners
do not constitute a suspect class for purposes of equal
protection claims).  Though Beers alleges that he is hard of
hearing and diabetic, he has not alleged facts suggesting that
the prison's medical department "harassed" him because of either
of these conditions.  See also Compl. at 15 (complaining about
the medical staff's general conduct of not keeping appointments
or answering request slips without reference to his medical
needs).  Accordingly, the district judge should dismiss Beers's
medical-care-based, equal protection claim.

**Claim 6 – Equal protection (dental)**

Similar to Claim 5, Beers contends that the defendants,
with deliberate indifference, violated his equal protection
rights by cancelling dental appointments and by denying him
regular teeth cleanings or other dental work for over two years,
even though other inmates have been provided such services and
have not had "that many cancelled appointments."  Compl. (Doc.
No. 1, at 22).  Beers's allegations fail to suggest that prison
officials treated him differently either on an improper basis or
without a rational basis.  Accordingly, the district judge
should dismiss Beers's dental-care-based, equal protection
claim.

**Claim 7 – Money removed from account**

Beers contends that, on June 29, 2020, medical staff
defendants John/Jane Does #1-4 removed money from his inmate
account without authorization for medical services "which [are
supposed to be free."  Compl. (Doc. No. 1, at 4).  Beers
contends that, by taking money for free services, these
defendants violated his Eighth Amendment right "that prohibits
prison officials from depriving inmates of basic substances."
Id. at 14.  Additionally, Beers asserts that defendants Edmark
and Hanks violated his Eighth Amendment rights by not correcting

their staff's problems.  Id.  These allegations fail to state a claim for a constitutional violation.

With respect to the Eighth Amendment, Beers has failed to allege facts showing how the withdrawal of funds for his "sick call," even if such services are normally free, violates the Eighth Amendment's prohibition against cruel and unusual punishment.  It is not per se unconstitutional for a prison to impose a fee for medical services.  See Reynolds v. Wagner, 128 F.3d 166, 174 (3d Cir. 1997).  Instead, "such a requirement simply represents an insistence that the prisoner bear a personal expense that he or she can meet and would be required to meet in the outside world."  Id.  Beers has not alleged that he was denied adequate medical care because he was indigent.  He has thus failed to plead an Eighth Amendment claim.

Beers's allegations similarly fail to state a claim for violations of other constitutional requirements.  For example, Beers's allegations do not intimate that prison officials withdrew funds from his inmate account for his "sick call" in violation of due process.  Additionally, to the extent Beers contends that a defendant intentionally caused him to lose property, such a claim is not actionable under § 1983 where, as here, the state provides an adequate post-deprivation remedy.  See Hudson v. Palmer, 468 U.S. 517, 533 (1984); N.H. Rev. Stat. Ann. 541-B:9(II) & (IV), and 541-B:14 (1997) (providing a post-

deprivation means of recouping property loss attributable to the State).  Accordingly, the district judge should dismiss Beers's property-based claim for failing to state a claim.

**Claim 8 – Interference with court mail**

Beers maintains that Corrections Officer John/Jane Does 1 & 2, as well as the John/Jane Doe Postmaster for NHSP, violated his First and Fourteenth Amendment rights by twice opening letters from the NHSC to Beers outside of his presence, and by refusing to provide him with information or logs about these investigations into his mail.  Compl. (Doc. No. 1, at 12, 19). His allegations fail to sustain an actionable constitutional claim.

In general, court mail is a matter of public record and its inspection and retention does not violate an inmate's federal constitutional rights.  See Martin v. Brewer, 830 F.2d 76, 78 (7th Cir. 1987) ("with minute and irrelevant exceptions all correspondence from a court to a litigant is a public document, which prison personnel could if they want inspect in the court's files").  Beers has not demonstrated that the opening of his court mail has caused him any actual injury in violation of his right of access to the courts, cf. Lewis v. Casey, 518 U.S. 343, 351 (1996), or that is has otherwise violated any of his federal rights, Anctil v. Fitzpatrick, No. 1:16-CV-00107-JAW, 2018 WL 6579153, at *13, 2018 U.S. Dist. LEXIS 210121, at *35 (D. Me.

Dec. 13, 2018) (inmate's receipt of "mail from the courts that was previously opened, or was read to him by a member of staff, does not establish a constitutional violation"), R&R adopted, No. 1:16-CV-00107-JAW, 2019 WL 501467, 2019 U.S. Dist. LEXIS 20558 (D. Me. Feb. 8, 2019). Beers's allegations of two instances of court mail interference, standing alone, fall short of stating a claim for denial of access to the courts under this standard.

Finally, as to Beers's complaint that he has not been provided information regarding the prison officials' investigations into his mail, Beers has not alleged facts showing that he was harmed by that denial, or that he has no other way to obtain the information he seeks. Accordingly, he has failed to assert facts demonstrating that prison officials' refusal to provide him with copies of the legal mail logs violated his constitutional rights. The district judge should therefore dismiss Beers's mail-based claims.

## Motions to Stop Retaliation

In addition to his complaint, Beers has filed two motions asking the court to order NHDOC officials not to retaliate against him. Doc. Nos. 5 & 8. To the extent Beers seeks a preliminary injunction through these motions, his requests should be denied, without prejudice, as he has failed to meet his burden of proof for showing an entitlement to preliminary

injunctive relief.   See Akebia Therapeutics, Inc. v. Azar, 976
F.3d 86, 92 (1st Cir. 2020) (explaining the four-part framework
for determining whether to grant or deny a preliminary
injunction); Shurtleff v. City of Bos., 986 F.3d 78, 85 (1st
Cir. 2021) (same).

<b><u>Conclusion</u></b>

For the foregoing reasons, the district judge should dismiss
Claims 5, 6, 7 and 8 (as identified above) of Beers's complaint
(Doc. No. 1), and deny, without prejudice, Beers's motions to
stop retaliation (Doc. Nos. 5 and 8).  Any objections to this
Report and Recommendation must be filed within fourteen days of
receipt of this notice.   See Fed. R. Civ. P. 72(b)(2).  The
fourteen-day period may be extended upon motion.  Failure to
file objections within the specified time waives the right to
appeal the district court's order.  See Santos-Santos v. Torres-
Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_Andrea K. Johnstone_
Andrea K. Johnstone
United States Magistrate Judge

May 20, 2021

cc:  Timothy C. Beers, pro se