UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Timothy Beers

    v.                                    Case No. 20-cv-968-LM

Warden, New Hampshire
State Prison, et al.


**REPORT AND RECOMMENDATION**

Plaintiff Timothy Beers, who is incarcerated at the New Hampshire State Prison ("NHSP") and proceeding in forma pauperis and without an attorney, has filed two motions requesting "more time in the law library" so that he may prepare more thoroughly researched responses to court filings. Doc. Nos. 20 & 22. Liberally construed, these motions arguably seek preliminary injunctive relief. See Fed. R. Civ. P. 65. As such, the district judge has referred them to the undersigned magistrate judge for a recommendation as to disposition pursuant to 28 U.S.C. § 636(b)(1)(B). See Oct. 15, 2021 Order.

To succeed in a motion seeking preliminary injunctive relief, the moving party (here Beers) "must establish that he [or she] is likely to succeed on the merits, that he [or she] is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his [or her] favor, and that an injunction is in the public interest." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 22 (2008). The

1

elements of likelihood of success on the merits and likelihood of irreparable harm weigh heavily in the analysis, and are assessed in tandem.  Id.; Shurtleff v. City of Bos., 928 F.3d 166, 171 n.3 (1st Cir. 2019).  The burden of proof on all four preliminary injunction factors lays with the movant.  See Esso Std. Oil Co. v. Monroig-Zayas, 445 F.3d 13, 18 (1st Cir. 2006).  Additionally, the movant must "'establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint.'"  Polansky v. Wrenn, No. 12-CV-105-PB, 2013 WL 1165158, at *5, 2013 U.S. Dist. LEXIS 38617, at *15 (D.N.H. Feb. 22, 2013) (citation omitted), R&R adopted sub nom., Polansky v. NH Dep't of Corr., No. 12-CV-105-PB, 2013 WL 1155429, 2013 U.S. Dist. LEXIS 38608 (D.N.H. Mar. 19, 2013).  If the request for injunctive relief is not related to the claims asserted in an action, the court does not have the authority to issue the injunctive relief requested.  See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr., 810 F.3d 631, 633 (9th Cir. 2015) ("When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction.").

   Beers's motions for injunctive relief seek relief connected to an assertion that he is being denied meaningful access to the courts because he has not been provided with sufficient time in the law library.  However, there is no claim in Beers's

complaint asserting a violation of his right to access the courts due to limitations on his law library time. Beers's allegations do not suffice, therefore, to establish the requisite connection between the underlying claims and relief requested in his motions for injunctive relief.

Accordingly, the district judge should deny Beers's motions for an injunction directing that he be provided with additional law library time (Doc. Nos. 20 & 22), without prejudice to his ability to seek such relief in a separate lawsuit asserting claims alleging that he has been denied access to the courts. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Failure to file objections within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

*[signature]*
Andrea K. Johnstone
United States Magistrate Judge

December 15, 2021

cc:  Timothy C. Beers, pro se
     Nathan W. Kenison-Marvin, Esq.
     Stephen J. Soule, Esq.