UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Timothy Beers

    v.                                              Case No. 20-cv-968-LM

Warden, New Hampshire
State Prison, et al.

### REPORT AND RECOMMENDATION

Defendant Dr. Thomas Groblewski has moved for a judgment under Federal Rule of Civil Procedure 12(c) on the asserted grounds that the plaintiff, Timothy Beers, an inmate at the New Hampshire State Prison for Men ("NHSP") who is proceeding without an attorney, (1) failed to exhaust his administrative remedies before commencing this action and (2) failed to state an Eighth-Amendment inadequate-medical-care claim – the sole claim asserted against Dr. Groblewski – in the addended complaint.  This motion (Doc. No. 23) should be denied.

Under Rule 12(c), a party may move for judgment on the pleadings at any time "[a]fter the pleadings are closed," provided that the motion does not delay trial.  Fed. R. Civ. P. 12(c).  "[C]losing of the pleadings within the meaning of Rule 12(c) is not determined by each district court's imposition of a deadline for amendment of the pleadings, or lack thereof." Georges River Tidewater Ass'n v. Warren Sanitary Dist., No. 00-92-P-H, 2000 WL 891969, at *1-2, 2000 U.S. Dist. LEXIS 8972, at

1

\*4 (D. Me. June 28, 2000); accord Rezende v. Ocwen Loan Servicing, LLC, 869 F.3d 40, 44 (1st Cir. 2017). Rather, "[a] party may move under Rule 12(c) once the defendant has filed his answer." Rezende, 869 F.3d at 44.

Here, neither Dr. Groblewski nor any other defendant has filed an answer to Beers's complaint. Accordingly, Dr. Groblewski's Rule 12(c) motion is procedurally improper and could be denied on this basis. Nevertheless, even if Dr. Groblewski had filed the instant motion through a more appropriate procedural vehicle, such as a motion under Federal Rule of Civil Procedure 12(b)(6), his motion would still fail to show that a dismissal is warranted.

A Rule 12(c) motion to dismiss that tests the plausibility of a complaint (like Dr. Groblewski's instant motion) is "generally accorded the same treatment" as a motion under Rule 12(b)(6). Aponte-Torres v. Univ. of Puerto Rico, 445 F.3d 50, 54-55 (1st Cir. 2006); see also Rios-Campbell v. U.S. Dep't of Com., 927 F.3d 21, 24 (1st Cir. 2019). Under both rules, the court determines whether, stripped of legal conclusions, the factual content in the complaint and the inferences reasonably drawn therefrom, when taken as true, state a plausible claim for relief over which this court has jurisdiction to consider. See Yan v. ReWalk Robotics Ltd., 973 F.3d 22, 31 (1st Cir. 2020); Guilfoile v. Shields, 913 F.3d 178, 186 (1st Cir. 2019). A

claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  If, however, "the factual allegations in the complaint are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture, the complaint is open to dismissal." S.E.C. v. Tambone, 597 F.3d 436, 442 (1st Cir. 2010).

    Here, Dr. Groblewski's arguments fail to demonstrate that Beers's allegations are deficient under the Rule 12 sufficiency standard.  First, with respect to Dr. Groblewski's administrative exhaustion defense:  A failure to exhaust is an affirmative defense which the plaintiff has no obligation to address in his or her complaint. Zenon v. Guzman, 924 F.3d 611, 616 (1st Cir. 2019).  Though such defenses may be raised in a motion to dismiss, dismissal is appropriate only if "the facts establishing the defense" are "'clear on the face of the plaintiff's pleadings," id. (quoting Santana-Castro v. Toledo-Davila, 579 F.3d 109, 113-14 (1st Cir. 2009)), and "there is 'no doubt' that the plaintiff's claim is barred by the raised defense,"[1] id. (quoting Blackstone Realty LLC v. F.D.I.C., 244

---

[1] When appropriate, the court may also consider "matters fairly incorporated within [the complaint,] and matters susceptible to judicial notice." Zenon, 924 F.3d at 616

3

F.3d 193, 197 (1st Cir. 2001)).  Dr. Groblewski's motion, however, relies on facts outside of the four corners of Beers's pleadings – specifically, facts asserted in defendant-provided declarations – to argue that Beers did not properly "shepherd" his grievances through the prison's "entire grievance process."[2] Dr. Groblewski's Mot. for JMOL Mem. (Doc. No. 23-1, at 4-6) (citing Susca Decl. (Doc. No. 23-2, ¶¶ 2-13)).  The court cannot consider such evidence "without converting the [Rule 12] motion into a motion for summary judgment."  See Zenon, 924 F.3d at 616.  Additionally, Dr. Groblewski's motion fails to address Beers's allegations, taken as true in this procedural posture, that he grieved his medical issues to prison officials at multiple supervisory levels.  Given these flaws, Dr. Groblewski's exhaustion defense should be rejected without prejudice to his ability to reraise them at a more procedurally appropriate time.

For similar reasons, the district court should reject Dr. Groblewski's second argument that Beers's complaint fails to state an Eighth-Amendment inadequate-medical-care claim based on

---

(quoting In re Colonial Mortg. Bankers Corp., 324 F.3d 12, 15 (1st Cir. 2003)).

[2] Though Susca recognizes in her declaration that Beers has "filed documents at various levels within the Department of Corrections," Susca Decl. (Doc. No. 23-2, ¶ 13), and quotes specific documents, see, neither she nor Dr. Groblewski have submitted those documents, precluding the court from assessing for itself the content of Beers's grievances, and limiting Beers's ability to fully respond to her assertions.

a failure to provide Beers with properly working hearing aids ("Claim 1(a)") and certain prescription medications ("Claim 1(b)").  In short, Dr. Groblewski contends that Beers's complaint – which generally alleges that Dr. Groblewski was responsible for Beers's medical care, that Dr. Groblewski was involved in reviewing Beers's hearing aids and prescription issues, and that Dr. Groblewski did not resolve Beers's hearing and prescription issues – fails to show that Dr. Groblewski participated in any deprivation of adequate medical care. Additionally, Dr. Groblewski argues that his conduct, as alleged by Beers, evidences that he was helping Beers with, and was not indifferent to, Beers's medical concerns.

But in construing whether Beers's pro se complaint states a plausible claim for relief, the court must construe Beers's allegations liberally.  Additionally, the court must accept all his well-pleaded factual allegations as true and view all reasonable inferences in Beers's, not Dr. Groblewski's, favor. Under this pleading standard, Beers's allegations support the reasonable inference that Dr. Groblewski – the only licensed medical doctor, alleged by Beers, to be responsible for his medical care – participated in the alleged deprivation of care at issue for Claims 1(a) and 1(b) beyond a purely supervisory role.  Additionally, Beers's filings are unclear as to whether he continues to experience any ongoing deliberate indifference

for either his hearing or his prescription issues, even though he has allegedly received new hearing aids (which may or may not work).  Accordingly, Dr. Groblewski has failed to show that Beers's allegations are insufficient to state a plausible claim for relief.  The district judge should therefore reject Dr. Groblewski's sufficiency challenge of Claims 1(a) and (b).

## Conclusion

For the foregoing reasons, the district judge should deny Dr. Groblewski's motion for judgment on the pleadings.  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  The fourteen-day period may be extended upon motion.  Failure to file objections within the specified time waives the right to appeal the district court's order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　Andrea K. Johnstone
　　　　　　　　　　　　　　　　　　United States Magistrate Judge

December 15, 2021

cc:   Timothy C. Beers, pro se
      Nathan W. Kenison-Marvin, Esq.
      Stephen J. Soule, Esq.