**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

<u>Timothy Beers</u>

    v.                                            Case No. 20-cv-968-LM

<u>Warden, New Hampshire</u>
<u>State Prison, et al.</u>


**REPORT AND RECOMMENDATION**

Defendant Bernadette Campbell, the Deputy Director of Medical at the New Hampshire State Prison ("NHSP"), has moved to dismiss Claims 1(a) and 1(b) of plaintiff Timothy Beers's complaint – the only claims served against Campbell, see May 20, 2021 Order (Doc. No. 11, at 3-4) – under Federal Rule of Civil Procedure 12(b)(6) for failing to state a plausible claim for relief. Her motion (Doc. No. 16) should be granted.

To survive a Rule 12(b)(6) motion to dismiss, a complaint and the claims therein "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 570). If, however, "the factual allegations in the complaint are too meager, vague, or conclusory to remove the possibility of relief from the realm of

1

mere conjecture, the complaint is open to dismissal." S.E.C. v. Tambone, 597 F.3d 436, 442 (1st Cir. 2010).

With respect to Campbell, Beers's complaint (Doc. No. 1), as addended (Doc. No. 18), alleges only that Campbell is "legally responsible" for the "medical treatment of inmates," the "health and safety of all inmates," and "the investigations of complaints from inmates about treatments, and her staff." Compl. (Doc. No. 1, ¶ 6). Stripped of legal conclusions, these allegations "are too meager, vague, or conclusory" to show that Campbell is liable for the alleged deprivations of Beers's constitutional right to adequate medical care asserted in Claim 1(a) (failure to provide working hearing aids) or Claim 1(b) (failure to provide prescribed medications). See Tambone, 597 F.3d at 442; May 20, 2021 R&R (Doc. No. 10, at 5-9) (discussing Claims 1(a)-(d)).

"It is well-established that 'only those individuals who participated in the conduct that deprived the plaintiff of his [or her] rights can be held liable.'" See Vélez-Rivera v. Agosto-Alicea, 437 F.3d 145, 156 (1st Cir. 2006) (quoting Cepero-Rivera v. Fagundo, 414 F.3d 124, 129 (1st Cir. 2005)). Beers's complaint, even when liberally construed, does not suggest that Campbell participated in the alleged deprivations of his rights. Additionally, Beers's allegations "fail to show an affirmative link between the alleged abridgement of his constitutional rights and some [supervisory] action or inaction" by Campbell, as required to sustain a claim based on Campbell's

2

supervisory role.  See also May 20, 2021 R&R (Doc. No. 10, at 11-14) (recommending dismissal of Beers's supervisor liability claims).

Given these deficiencies, Beers's addended allegations cannot sustain Beers's inadequate medical care claims against Campbell in her individual or her official capacities.  The district judge should therefore grant Campbell's motion and dismiss all claims against her in their entirety.

## Conclusion

For the foregoing reasons, the district judge should grant Campbell's motion and dismiss all claims served on her in their entirety.  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  The fourteen-day period may be extended upon motion.  Failure to file objections within the specified time waives the right to appeal the district court's order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

December 15, 2021

cc:  Timothy C. Beers, pro se
     Nathan W. Kenison-Marvin, Esq.
     Stephen J. Soule, Esq.

3