**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

Timothy Beers

     v.                              Case No. 20-cv-968-LM

Warden, New Hampshire
State Prison, et al.

**Report and Recommendation**

Timothy Beers, who is an inmate at the New Hampshire State Prison and is proceeding pro se, filed a civil rights complaint against the Warden and state prison employees alleging violation of his constitutional rights. Beers claims for inadequate medical and dental care in violation of the Eighth Amendment have been served. Beers has moved to amend his complaint and moved to hold the warden in contempt. Docs. nos. 51, 53, 54, 55, 60, & 61. The motions to amend are referred for preliminary review, and the motion for contempt has been referred for a report and recommendation.

Background

On preliminary review, the court found that Beers alleged claims for deliberate indifference to his serious medical needs for working hearing aids and prescribed medications (Claims 1(a) and (b)) and for dental care (Claim 2), as alleged in documents nos. 1 and 18. Docs. nos. 10, 21, 29, 30, & 40. Beers did not state cognizable claims under the Eighth Amendment for a lack of routine examinations and treatments or other medical

accommodations (Claims 1(c) and 1(d)); supervisory liability, Claim 3; and retaliation, Claim 4. With respect to those claims, the court granted Beers the opportunity to amend his complaint. The court dismissed two claims that the prison's medical care violated Beers's right to equal protection under the Fourteenth Amendment (Claims 5 and 6), a claim that certain officers removed money from Beers's account in violation of the Eighth Amendment (Claim 7), and a claim that certain employees violated Beers's rights under the First and Fourteenth Amendments by interfering with his court mail (Claim 8). Doc. no. 44.

Beers filed several responses to the report and recommendation on preliminary review along with motions to add other claims. Beers's motion for injunctive relief to provide additional library time was denied. Docs. nos. 29 & 44. The district judge dismissed the claims identified in report and recommendation that were insufficient but could have been amended, Claims 1(c) and 1(d), 3, and 4, and granted Beers an opportunity to amend his complaint to add a claim that prison employees were interfering with his legal mail in violation of his constitutional rights. Docs. nos. 44 & 48. The district judge granted defendant Bernie Campbell's motion to dismiss. Doc no. 44. The remining defendants are Dr. Thomas Groblewski, Alexis M. Isabelle, and Registered Nurse John/Jane Does, #1-8.

In response, Beers filed the motions that are addressed in this report and recommendation.

## Discussion

Beers moves to amend his complaint to add a claim about the prison mailroom and alleges that the prison grievance procedure is broken. Docs. nos. 51 & 55. He moves to add a claim that Dr. Groblewski and his staff refused to treat his diabetes, showing deliberate indifference to his serious medical need. Doc. no. 54. He moves to bring a claim for injunctive relief to have the court stop the New Hampshire Department of Corrections from retaliating against him by not paying him for 4 weeks of work and alleges that the grievance system is not working to correct the problem. Doc. no. 60. He also moves to amend his previous claim for supervisory liability (Claim 3). Doc. no. 61. Separate from the motions to amend, Beers moves to have the warden held in contempt of court for failing to have Beers transported to a hearing scheduled in this court on April 4, 2022. Doc. no. 53.

A.    Preliminary Review

Pursuant to this court's authority to subject inmate complaints and complaints filed in forma pauperis to preliminary review, Beer's motions seeking to amend the complaint (docs. nos. 51, 54, 55, 60, and 61) are subject to preliminary review. The court may dismiss claims sua sponte if the court lacks subject matter jurisdiction, a defendant is immune from the

relief sought, the complaint fails to state a claim, or the
action is frivolous or malicious. <u>See</u> 28 U.S.C. §§ 1915A(b),
1915(e)(2); LR 4.3(d)(1). In determining whether a pro se
pleading states a claim, the court must construe the pleading
liberally. <u>See</u> <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007) (per
curiam). To determine whether to dismiss claims for failure to
state a claim, the court takes as true the factual content in
the complaint and inferences reasonably drawn from those facts,
strips away the legal conclusions, and considers whether the
plaintiff has stated a claim for relief that is plausible on its
face. <u>Hernandez-Cuevas v. Taylor</u>, 723 F.3d 91, 102-03 (1st Cir.
2013) (citing <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009)).

    1. <u>Motion to Amend to Add Claims Challenging Mailroom
       Procedures and Grievance System</u>

Beers moves to add a claim challenging the actions of
prison employees in the mailroom and a claim challenging the
prison's grievance system. Docs. nos. 51 & 55. With respect to
the mailroom claim, he alleges that mailroom employees have
opened and read his legal mail when he was not present and have
not sent some of his mail, including motions to the court in
this case. He also alleges that the prison's grievance system is
broken, which causes violations of his First Amendment rights.

a. <u>Incoming Mail</u>

Opening an inmate's legal mail outside his presence may violate his First Amendment rights. <u>Hayes v. Idaho Corr. Ctr.</u>, 849 F.3d 1204, 1210 (9th Cir. 2017). Legal mail, for purposes of constitutional protections, is limited to confidential mail between an inmate and his counsel and not does not include mail to and from the courts. <u>Id.</u> at 1211. As stated in the report and recommendation, generally court mail is a matter of public record and inspection of court mail does not violate an inmate's federal constitutional rights. <u>See</u> <u>Martin v. Brewer</u>, 830 F.2d 76, 78 (7th Cir. 1987). In addition, to show a violation of his First Amendment right of access to the courts, an inmate must show that the defendants' actions caused him actual injury in violation of his right of access to the courts. <u>See</u> <u>Lewis v. Casey</u>, 518 U.S. 343, 351 (1996).

Because mail from the court is public, Beers has not alleged a viable claim that prison employees violated his constitutional rights by opening and/or reading his incoming mail from the court. <u>See, e.g.,</u> <u>Ash-Shaheed v. FCI Berlin</u>, No. 21-cv-227-LM, 2021 U.S. Dist. LEXIS 88181, 2021 WL 1795636, at *1 (D.N.H. Mar. 26, 2021) (citing cases) (holding that no constitutional violation occurs when prison employees open mail addressed to an inmate from the court). To the extent Beers alleges that prison employees violated his constitutional rights

by opening and reading mail to him from an attorney representing

a defendant in this case, that allegation does not appear to

implicate legal mail and Beers has not alleged that any injury

resulted.

      b. Outgoing Mail

Obstruction of or interference with an inmate's outgoing

mail to the court may violate the inmate's First Amendment right

to access the courts. See Davis v. Goord, 320 F.3d 346, 351 (2d

Cir. 2006). Occasional interference with mail, however, does not

support a constitutional violation. Winston v. Acuff, No. 21-cv-

01134-JPG, 2021 U.S. Dist. LEXIS 225163, 2021 WL 5493391, at *4

(S.D. Ill. Nov. 22, 2021); McNeill v. Poole, 1:17CV924, 2020

U.S. Dis. LEXIS 122433, 2020 WL 3960951, at *6 (M.D.N.C. July

13, 2020). If obstruction is sufficiently alleged, the inmate

also must allege facts to show that he suffered an injury as the

result of the obstruction of his mail. Johnson v. Barone, No.

3:21CV1514(KAD), 2022 U.S. Dist. LEXIS 20310, 2022 WL 344272, at

*3 (D. Conn. Feb. 4, 2022); Riddick v. Gilbert, No. 7:20CV00598,

2021 U.S. Dist. LEXIS 143938, 2021 WL 3285336, at *2 (W.D. Va.

Aug. 2, 2021).

Beers alleges that the prison mail room employees failed to send

2 motions to the court in this case and alleges that they failed

to send many letters.[1] Despite the problems he alleges, Beers has made 26 filings in this case, including 7 filings during the time that he alleges his motions and letters were withheld by prison employees. He has not shown that any delay in filing the 2 motions or the absence of the letters has prejudiced his case here.[2] Based on the allegations in his complaint and his motion to amend, Beers has not stated a claim against prison mailroom employees for interfering with his mail.

His motion to amend to add a claim about interference with his mail (doc. no. 55) should be denied.

c. Grievance Procedure

Beers alleges that the prison's grievance procedure is broken because he did not receive responses to the grievances that he filed. As an example, Beers filed a copy of a grievance he sent to the Commissioner of the New Hampshire Department of Corrections in which he stated that the Warden and a major at

---

[1] Beers generally alleges that "many" motions were not sent by the mailroom employees but provides no specific information about any other unsent motions.

[2] Beers states that his experience is the same as the prisoners at the Strafford County jail as alleged in Human Rights Defense Center v. Board of County Commissioners for Strafford County, 22-cv-91 (D.N.H. filed on Mar. 11, 2022). He is mistaken. That case is brought by a nonprofit entity that is seeking injunctive relief to be allowed to send its publications to prisoners at the Strafford County jail. Beers's allegations have no relationship to the issues in that case.

the prison did not investigate or solve the problems he identified in grievances sent to them. He alleges that prison officials' failure to respond to his grievances violates his First Amendment rights. Doc. nos. 51.

Prisoners do not have a constitutional right to a grievance procedure or to receive responses to grievances. <u>Walker v. Matteson</u>, No. 21-12013-RGS, 2022 U.S. Dist. LEXIS 95413, 2022 WL 1719290, at *4 (D. Mass. May 27, 2022). In addition, the examples that Beers provides show that he did receive responses, which included asking for more information. His dissatisfaction with the responses he received does not show a violation of his constitutional rights. He has not raised an actionable claim that the grievance procedure at the prison is not functioning.

2. <u>Motion to Amend the Medical Claim</u>

Beers moves to "stop medical from not providing medicine for the victim's diabetes." Doc. no. 54, at 1 (edited). He alleges that Dr. Groblewski and his staff refused to correct Beers's blood sugar before December of 2021. He alleges that "NP Sara" has not helped him for the past 4 months, has lowered the dose of his diabetes medication, and has not corrected the problem or responded to his request slips. He further alleges that he "had to go through the Pharmacy to have the problems corrected by medical." Doc. no. 54, at 2.

The court has determined that Beers states a claim under the Eighth Amendment for deliberate indifference to his serious medical needs for failing to provide him with prescribed medications. Doc. no. 10, at 5, Claim 1(b); Doc. no. 30, at 8-10. That claim was served on Dr. Groblewski and Registered Nurse John/Jane Does, #1-8. In his current motion, Beers identifies one of the Jane Doe nurses as "NP Sara." Beers's allegations in this motion are focused on his diabetes medication, and for that reason, his allegations are construed as part of Claim 1(b).

Beers's Eighth Amendment claim against Dr. Groblewski, alleging that Dr. Groblewski failed to provide him with needed medication, is supplemented by this motion to include failure to provide diabetes medication.[3] Nurse Practitioner Sara, who may have been included in the Registered Nurse John/Jane Does previously named in Claim 1(b), is added as a defendant in Claim 1(b). Therefore, Beers's motion to amend his complaint (doc. no. 54) is granted to add allegations against Dr. Groblewski and NP Sara, about their failure to provide diabetes medication, in support of Claim 1(b) but should otherwise be denied.

---

[3] Beers alleges that other inmates have also experienced problems with the medical staff at the prison and states that his trying to help those inmates. Beers cannot bring claims on behalf of anyone but himself. No claims of other inmates are recognized in this case.

### 3. Retaliation Claim

In his motion, Beers alleges that the NHDOC is retaliating against him by not paying him for work he has done. Doc. no. 60. As the court previously explained, to state a First Amendment retaliation claim Beers must allege facts that:

> (1) identify the specific individual(s) who allegedly retaliated against him, (2) allege additional facts showing what specific adverse action each identified defendant took against Beers, (3) show how each adverse action was non-de minimis, and (4) allege facts showing how Beers's engagement in activities protected by the First Amendment was a but-for cause for each allegedly adverse action taken against him.

Doc. no. 30, at 14 (citing doc. no. 11, at 16-17); see also Falmouth Sch. Dep't v. Doe, 44 F.4th 23, 47 (1st Cir. 2022). Beers has not provided any allegations to meet the requirements for a First Amendment retaliation claim. In addition, to the extent Beers is referring to his prior allegations about disability discrimination, those claims are not part of this case. Doc. no. 30, at 15-16; Doc. no. 44.

Therefore, his motion to amend to add a retaliation claim (doc. no. 60) should be denied.

### 4. Supervisory Liability Claim

Beers moves to add a claim for supervisory liability based on "new evidence." Doc. no. 61, at 1. He alleges that Dr. Groblewski, Bernie Campbell, Paula Mattis, Warden Edmark, Commissioner Hanks, Major Fouts, Chris Kench, Lynmarie Cusack,

Captain Masse, and Governor Sununu all are liable under § 1983
as supervisors. The court previously dismissed Beers's
supervisory liability claims against some of the same officials
because he failed to allege facts to show causation and
deliberate indifference. Doc. no. 30, at 14; Doc. no. 44.

To state a claim for supervisory liability under § 1983,
Beers must plausibly allege that a supervisor's subordinate
abridged his constitutional right and allege facts that show "an
affirmative link between the abridgement and some action or
inaction on the supervisor's part." Parker v. Landry, 935 F.3d
9, 14 (1st Cir. 2019). The affirmative link may be shown by
"behavior that constitutes supervisory encouragement,
condonation or acquiescence, or gross negligence . . . amounting
to deliberate indifference." Id. (cleaned up). "A showing of
deliberate indifference has three components: the plaintiff must
show (1) that the officials had knowledge of facts, from which
(2) the officials can draw the inference (3) that a substantial
risk of serious harm exists." Id. at 15 (cleaned up). The
"supervisor's deliberate indifference must lead in a straight
line to the putative constitutional violation." Id.

Beers alleges that the named individuals, as supervisors,
did not correct issues about medical services that he raised in
grievances. He focuses on a failure to provide him with
prescribed medication for his diabetes. He alleges that he sent

grievances to each of the named supervisors and that they failed
to provide the services he needed and failed to correct the
problems with medical services that he identified in the
grievances.[4]

   To state a claim for supervisory liability, Beers must
allege facts that show an affirmative link between the action or
inaction of the supervisor and the constitutional violation he
is alleging to show that the supervisor's conduct caused the
constitutional violation perpetrated by the subordinate. Parker,
935 F.3d at 14. Mere knowledge of the misconduct of a
subordinate does not show that a supervisor is deliberately
indifferent to the subordinate's violation of a constitutional
right. Maldonado v. Fontanes, 568 F.3d 263, 275 (1st Cir. 2009).
Denying a grievance and failing to act based on information
provided in a grievance, alone, is not sufficient to support
supervisory liability under § 1983. Justice v. Sununu, No. 20-
cv-517-PB, 2022 U.S. Dist. LEXIS 235485, 2022 WL 18275895, at
*11 (D.N.H. Dec. 2. 2022). Instead, Beers must allege facts that
show, with reasonable inferences, both that the supervisor was
deliberately indifferent to his serious medical need and that

---

   [4] Although Beers says the grievances were submitted with the
motion, they were not. Beers did submit grievances with a
subsequent motion, doc. no. 61, and those grievances were
considered for purposes of this motion.

the supervisor's actions or inaction caused the violation to occur. Doc. no. 10, at 14.

In relation to the diabetes medication, Beers alleges that Dr. Groblewski knew about his need for the medication, knew about the medical staff's change or failure to renew the prescription, and failed to have his subordinates correct the problem. Although meager, Beers alleges facts to state a supervisory liability claim against Dr. Groblewski. His motion to amend the complaint is allowed to add a claim of supervisory liability, Claim 3, against Dr. Groblewski.

Beers has not alleged sufficient facts to state a supervisory liability claim against the other named supervisors, who include prison officers, the warden, the commissioner, and the governor. Beers states that the supervisors were notified of his need for and deprivation of prescribed medications for diabetes through the grievances he filed but provides no detail to show that to be true. See Doc. no. 10, at 13-14.

The grievances that Beers filed show that he asked Paula Mattis to investigate and correct "the problem."[5] Doc. no. 61-1, at 9. In response, Mattis asked what problem needed correcting and directed Beers to contact his medical provider about

_____

[5] Beers did not identify Paula Mattis's role at the prison. She is the Director of Forensic and Medical Services. Johnson v. Englander, No. 20-cv-398-JL, 2023 U.S. Dist. LEXIS 4698, 2023 WL 159640, at *1 (D.N.H. Jan. 11, 2023).

medication or to go to sick call. Mattis also told Beers that he was expected to participate in his own health care. In a subsequent response, Mattis wrote that Beers continued to disregard the grievance rules about providing specific information. Dissatisfied, Mattis sent a grievance to the commissioner, stating that Mattis was not doing her job. The grievance was sent to Mattis who responded that she was doing her job to be sure that Mattis had access to health care.

None of the interactions demonstrated in the grievances and responses show that Mattis or any other supervisor engaged in conduct such as condonation, acquiescence, or gross negligence, amounting to deliberate indifference, that caused a subordinate to violate Beers's Eighth Amendment rights. For that reason, he does not state a claim of supervisory liability against the additional supervisors listed in the motion.

Therefore, Beers is allowed to amend his complaint to add a supervisory liability claim against Dr. Groblewski. His motion to add claims of supervisory liability against the other named supervisors should be denied.

B. Motion to Hold Warden in Contempt

Beers moves to hold the warden in contempt for failing to transport Beers to the court for the pretrial conference scheduled in April of 2022. Doc. no. 53. Beers asserts in his motion that he notified the warden of the hearing and that he

has sent grievances about the failure to transport him. In response, counsel for defendant Alexis Isabelle acknowledges that it was his responsibility to keep the warden informed about the hearing for purposes and that he did not fulfill that responsibility due to his lack of experience.

"To prove civil contempt, the moving party . . . must show by clear and convincing evidence that: (1) the alleged contemnor had notice of the order, (2) the order was clear and unambiguous, (3) the alleged contemnor had the ability to comply with the order, and (4) the alleged contemnor violated the order." Rodriguez-Miranda v. Benin, 829 F.3d 29, 46 (1st Cir. 2016). Beers has not satisfied any of the requirements for a civil contempt order. Instead, the transport issue was a mistake due defense counsel's lack of familiarity with the process. Therefore, Beers's motion to hold the warden in contempt of court should be denied.

Beers also asks the court to issue another transport order and to have the U.S. Marshals Service transport him to the court. Because of the motions Beers filed required preliminary review, there is no pretrial conference currently scheduled and, therefore, no need for a transport order. As stated in the court's order dated April 4, 2022, a pretrial conference will be scheduled after preliminary review is complete.

## Conclusion

For the foregoing reasons, those parts of Beers's motions to amend (docs. nos. 51 and 61) are granted in part to add a claim against NP Sara LNU as part of Claim 1(b) and to add a supervisory liability claim against Dr. Groblewski. The district judge should deny the remainder of those motions and should also deny Beers's motions to amend and for contempt (documents no. 53, 54, 55, and 60).

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Only those issues raised in the objection to this Report and Recommendation are subject to review in the district court. See Sch. Union No. 37 v. United Natl Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010). Any issues not preserved by such objection(s) are precluded on appeal. See id. Failure to file any objections within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

February 9, 2023

cc:  Timothy Beers, pro se
     Counsel of record