UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Timothy Beers

  v.                Civil No. 20-cv-968-LM-AJ
                      Opinion No. 2024 DNH 080 P

N.H. State Prison Warden

**O R D E R**

Plaintiff Timothy Beers has filed a "Motion: Cease and Desist Order" (doc. no. 90) and a motion for a preliminary injunction (doc. no. 103),[1] seeking similar and substantially overlapping injunctive relief. Neither of the two defendants in this case objected or otherwise responded to Beers's first motion. Defendant Dr. Thomas Groblewski filed an objection (doc. no. 108) to the second motion, and New Hampshire State Prison ("NHSP") Dental Care Director Alexis Isabelle filed a response to the second motion (doc. no. 109) taking no position on that motion. For the following reasons, the court denies Beers's motions.

**STANDARD OF REVIEW**

"A preliminary injunction is an 'extraordinary' equitable remedy that is 'never awarded as of right.'" Starbucks Corp. v. McKinney, 144 S. Ct. 1570, 1576

---

[1] Beers filed document no. 103 as a motion for a temporary restraining order ("TRO"). The Court previously denied the motion to the extent it sought a TRO, finding that Beers failed to satisfy Rule 65(b) of the Federal Rules of Civil Procedure, which establishes certain requirements for obtaining a TRO. The court construed the motion as one seeking a preliminary injunction and directed the defendants to respond to the motion. See Aug. 1, 2024 Order (doc. no. 104).

(2024) (quoting Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 24 (2008)). "Its purpose 'is merely to preserve the relative positions of the parties until a trial on the merits can be held.'" Id. (citation omitted); see also CMM Cable Rep., Inc. v. Ocean Coast Props., Inc., 48 F.3d 618, 620 (1st Cir. 1995) ("The purpose of a preliminary injunction is to preserve the status quo, freezing an existing situation so as to permit the trial court, upon full adjudication of the case's merits, more effectively to remedy discerned wrongs.").

To obtain a preliminary injunction, a plaintiff is required "to make a clear showing that 'he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" McKinney, 144 S. Ct. 1570, 1575 (2024) (quoting Winter, 555 U.S. at 20, 22 (2008)); see also Dist. 4 Lodge of the Int'l Ass'n of Machinists & Aerospace Workers Loc. Lodge 207 v. Raimondo, 40 F.4th 36, 39 (1st Cir. 2022). Irreparable harm and likelihood of success on the merits are the factors that weigh most heavily in the analysis. See Winter, 555 U.S. at 22; Shurtleff v. City of Bos., 928 F.3d 166, 171 n.3 (1st Cir. 2019); Voice of the Arab World, Inc. v. MDTV Med. News Now, Inc., 645 F.3d 26, 32 (1st Cir. 2011).

Here, Beers asks the court to issue a "mandatory preliminary injunction, which requires affirmative action by the non-moving party." Braintree Labs., Inc. v. Citigroup Glob. Mkts., Inc., 622 F.3d 36, 40-41 (1st Cir. 2010). "Because a mandatory preliminary injunction alters rather than preserves the status quo, it

'normally should be granted only in those circumstances when the exigencies of the situation demand such relief.'" Id. at 41 (citation omitted). "Because [mandatory] injunctions are 'disfavor[ed],' the moving party must make an even stronger showing of entitlement to relief than is typically required." Thomas v. Warden, Fed. Corr. Inst., 596 F. Supp. 3d 331, 336-37 (D.N.H. 2022) (quoting La Simple Co., Ltd. v. SLP Enters., LLC, Civ. No. 21-10058-LTS, 2021 U.S. Dist. LEXIS 81209 at *10-*11, 2021 WL 1648762, at *4 (D. Mass. Apr. 27, 2021)).

## BACKGROUND

Beers, who is incarcerated at the NHSP, brought this action against a number of New Hampshire Department of Corrections ("DOC") employees and individuals who provide medical care to DOC prisoners. There are two claims remaining in this case—both brought under the Eighth Amendment and against separate defendants. They allege:

> 1.   Dr. Thomas Groblewski (and Registered Nurses John/Jane Does #1-#8)[2] violated Beers's Eighth Amendment rights in that, acting with deliberate indifference to Beers's serious medical need—his hearing impairment—they deprived him of adequate medical care by failing to provide him with working hearing aids for a year (September 2019 through September 2020).[3]

---

[2] Beers has not identified the "Nurse John/Jane Doe" defendants by name, and those defendants have not been served in this action.

[3] The Court initially authorized two other claims to proceed in this action against Groblewski which concerned Beers's diabetes medication. The Court later granted Groblewski's motion for summary judgment as to those claims, finding that Beers had failed to satisfy the exhaustion requirement of the Prisoner Litigation

3

2. NHSP Dental Director Alexis Isabelle (and Registered Nurses John/Jane Does #1-#8) violated Beers's Eighth Amendment rights in that, acting with deliberate indifference to Beers's serious medical and/or dental needs (during the same time-period as above), they failed to provide Beers with adequate dental care by failing to treat him for tooth decay and a cavity. Beers alleges that this failure places him at risk for heart disease, kidney failure, and liver problems, particularly in light of his diabetes, which elevates his risk of developing such conditions.

Beers's complaint therefore asserts two Eighth Amendment deliberate indifference claims: one is related to his hearing aids (asserted against Groblewski and unnamed nurses) and the other is related to dental care (asserted against Isabelle and unnamed nurses). Both claims concern incidents which allegedly occurred during the same timeframe (September 2019 through September 2020). In his motions for injunctive relief, however, Beers raises a host of other issues which are untethered to his complaint.

In his motions for preliminary injunctive relief, Beers alleges generally that "the NHDOC is still making the plaintiff a victim . . . of [their] constitutional violations. 1. Due Process. 2. Medical care. 3. Refusing to provide administration remedies. 4. Access to the courts." Doc. no. 103 at 4. To the extent Beers makes specific factual allegations, they are as follows: (1) a nurse at the DOC refused to give him an insulin shot to treat his diabetes on or around November 6, 2023, see doc. no. 90 at 1; (2) supervisory DOC employees and medical supervisors refuse to

---

Reform Act, 42 U.S.C. § 1997e(a), as to those claims. See Aug. 8, 2024 Order (doc. no. 106) (approving Dec. 28, 2023 R&R (doc. no. 89)).

4

answer his grievances and Inmate Request Slips ("IRSs") or refuse to investigate and remedy complaints that do not allege a "serious injury," doc. no. 103 at 1; (3) DOC and medical personnel refused to transport him to a medical appointment at Concord Hospital on July 11, 2024, see id.; (4) the mailroom "has a huge problem" which has resulted in delayed responses to his IRSs and grievances, id.; (5) "many sickcall [sic] have not resolved" unspecified issues, id.; (6) there is "[n]o follow on med.s [sic] hands or feet," id.; and (7) DOC has denied Beers access to the courts by not allowing him access to the law library for "many months" and failing to replace his broken tablet for more than two months, id. at 2.[4] Beers also attached a number of IRSs and grievance forms to his motions for injunctive relief. See doc. no. 90 at 5-7; doc. no. 103 at 5-28.

Beers seeks a court order directing DOC and/or its medical staff to: (1) provide "a working grievance system for all inmates not just the Plaintiff," doc. no. 90 at 1; see also doc. no. 103 at 2; (2) "[h]old Paula Mattis[5] [responsible] for her acts/inaction (heavy fines will work)," doc. no. 90 at 3; (3) hire oversight committees

---

[4] The Court notes that Beers previously sought injunctive relief in this case concerning access to the law library at the prison. See doc. nos. 20, 22. The Court denied those requests for injunctive relief on the same basis as those claims are denied herein: because his underlying complaint contained no claim asserting a violation of his right to access the courts and therefore his allegations did not suffice "to establish the requisite connection between the underlying claims and relief requested in his motions for injunctive relief." See Dec. 15, 2023 R&R (doc. no. 29), approved by Feb. 10, 2022 Order (doc. no. 44).

[5] Paula Mattis is the DOC Director of Medical and Forensic Services. Beers previously asserted claims against Mattis in this case which have been dismissed.

to supervise DOC's administrative grievance process, dental and medical care provided to prisoners, and the NHSP mailroom, see id.; doc. no. 103 at 2; and (4) transport Beers to all of his medical appointments, see doc. no. 103 at 2.[6] Additionally, Beers asks this Court to fine DOC and "Medical" for any violations of the requested order. See id. Beers also includes, in the instant motions, a request that the Court direct service upon additional defendants to this action (including DOC supervisory officials and New Hampshire Governor Christopher T. Sununu) based on the allegations in his motions for injunctive relief.

    As noted above, two defendants remain in this case, Groblewski and Isabelle. Beers's requests for injunctive relief, however, are directed at DOC, its supervisory officials, Governor Christopher T. Sununu, and the DOC "medical staff," doc. no. 90 at 1, and reference only events which occurred during and after October or November 2023, well after the dates of the events underlying the two remaining claims in this case. Except for general references to "medical staff" and nonspecific references to the denial of medical care, doc. no. 103 at 1, neither of Beers's motions mention either Groblewski or Isabelle, or any action or omission by either Groblewski or Isabelle, which relate to the claims in his complaint which remain in this case. And the only specific reference to dental care in either of Beers's motions is his request that an oversight committee be installed to oversee dental care provided to people in DOC custody.

---

[6] Beers does not seek any specific relief in regard to his assertions about access to the law library or replacement of his tablet.

**DISCUSSION**

To obtain preliminary injunctive relief, "the movant must '"establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint."'" Polansky v. Wrenn, No. 12-cv-105-PB, 2013 WL 1165158, at *5 (D.N.H. Feb. 22, 2013) (citation omitted), R&R adopted sub nom., Polansky v. NH Dep't of Corr., 2013 WL 1155429, at *1 (D.N.H. Mar. 19, 2013). If the request for injunctive relief is not related to the claims asserted in the action in which the request is filed, the court does not have the authority to issue the injunctive relief requested. See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr., 810 F.3d 631, 633 (9th Cir. 2015) ("When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction."); id. at 636 ("The relationship between the preliminary injunction and the underlying complaint is sufficiently strong where the preliminary injunction would grant relief of the same character as that which may be granted finally." (quotation omitted)); see also Kosilek v. Misi, 630 F. Supp. 3d 328, 334 (D. Mass. Sept. 26, 2022) ("A party who moves for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." (quotation omitted)).

I.  Requests for Injunctive Relief

The court addresses Beers's requests for injunctive relief in the context of the two remaining claims in the case. The court first discusses Beers's Eighth

7

Amendment claim against Dr. Groblewski regarding his hearing aids, and then moves to the Eighth Amendment claim against Isabelle regarding his dental care.

### A.  Dr. Groblewski

While the medical care claim pending in this action is brought against Groblewski, the allegations in Beers's motions for injunctive relief are not factually tethered in any way to Groblewski. Indeed, the allegations in the motions concern matters that the undisputed record reveals occurred at a time when Groblewski was no longer working for DOC.

In support of his objection to Beers's requested preliminary injunction, Groblewski states in a sworn declaration that, on June 30, 2022, he left his employment with the private company that contracted with DOC for the provision of medical services, and, as of that date, he stopped providing any further medical care at DOC. See Doc. no. 108-1. Groblewski further states that he no longer lives or practices medicine in New Hampshire and did not renew his New Hampshire medical license when it expired in June 2024. Id.

To the extent Beers's motions for a preliminary injunction describe specific complaints about his medical care at DOC, they appear to arise out of events which occurred after Groblewski stopped providing medical care there. Although Beers's motions do not contain precise dates for the alleged incidents, the administrative grievances Beers attaches to the motions do not support or mention any claim against Groblewski. The earliest IRS complaining about such an incident was

written on November 6, 2023, more than one year and five months after Groblewski ceased providing medical care at DOC. Further, none of the attached grievances and IRSs indicates that Groblewski was responsible for any incident or condition Beers complains of in his motions for preliminary injunction. Nor is there evidence in the record that identifies any alleged incident or condition as having arisen or occurred prior to Groblewski's departure on June 30, 2022.

Of the administrative complaints attached to Beers's motions, three concern his hearing aids: (1) a February 14, 2024 Grievance Form in which Beers states that he complained to Mattis (on January 29, 2024) about DOC medical personnel's failure to replace "a worn out broken medical device that was turned in back in November 2023 at sick call," and did not receive a response, doc. no. 103 at 10; (2) a March 8, 2024 Grievance Form submitted to DOC Commissioner Helen Hanks complaining that he did not get a response to his previous grievance to Mattis about his medical device, which he identified as a "hearing aid dryer," id. at 14; and (3) an April 9, 2024 follow-up grievance to Hanks about that issue, see id. at 18. Those three grievances concern problems with Beers's hearing aids which arose after Groblewski had stopped working at DOC. And nothing in those grievances suggests that Groblewski had any part in failing to replace his "hearing aid dryer" in November 2023 (or DOC's subsequent failure to answer grievances about that issue)—the only allegations related to his hearing impairment in his motions for injunctive relief.

9

To the extent Beers's allegations in his motions for injunctive relief concern his hearing aids (specifically a hearing aid dryer), the alleged incidents and grievances arose after Groblewski stopped providing medical care at DOC. Beers does not assert any fact which connects the 2023 failure to provide him with a functioning hearing aid dryer (or the failures in 2023 and 2024 to answer grievances about that issue) to the hearing-aids-related claim pending against Groblewski in this action. Because the allegations concerning the hearing aid dryer and subsequent grievances do not appear related to any pending claim in this case, Beers cannot obtain injunctive relief on the basis of those allegations.

Even if the allegations were factually tethered to Groblewski, Beers is also not able to demonstrate that any of his requests for injunctive relief could be redressed by Groblewski because Groblewski is no longer providing medical care or services at DOC. In short, there is no conduct which the Court can order Groblewski to engage in (or refrain from) which would provide Beers with the relief he seeks. Accordingly, the Court cannot find that Beers would suffer irreparable harm if the court declined to issue the requested injunction against Groblewski.

Such relief would have to be obtained against DOC officials or DOC medical personnel presently providing care at the DOC. No DOC employees, contractors, or officials with present authority to effect the relief Beers seeks with regard to his medical care are defendants to this action. While Beers previously asserted claims in this action against Hanks, Mattis, and NHSP Warden Michelle Edmark, the

Court has dismissed all of the claims Beers asserted against those defendants in this case.[7]

B.  Director Alexis Isabelle

In his motions for injunctive relief, Beers does not make any allegation concerning any present issue regarding Isabelle, or any present problem with his dental care. The only mention of dental care in either of Beers's motions is his request that the court direct DOC to hire an oversight committee to oversee the medical and dental care DOC provides to prisoners, the DOC/NHSP mailroom, and DOC's administrative grievance process.

As noted above, to obtain preliminary injunctive relief, Beers must demonstrate that his request for relief is in some way tethered to the claims in his complaint. See Polansky, 2013 U.S. Dist. LEXIS 38617, at *15, 2013 WL 1165158, at *5. None of the injunctive relief Beers requests is related to the claim asserted against Isabelle in this action, which concerns the alleged failure to treat him for

---

[7] With exceptions not applicable to this situation, "only parties or those acting in concert with parties can be bound by an injunction." Ross v. McCormack, Case No. 24-cv-014-SDE-AJ, 2024 WL 3716117, at *2 (D. Me. Aug. 7, 2024) (citing Fed. R. Civ. P. 65(d)(2) (limiting persons bound by injunctions to "(A) the parties; (B) the parties' officers, agents, servants, employees, and attorneys; and (C) other persons who are in active concert or participation with anyone described in Rule 65(d)(2)(A) or (B)")), R&R approved, 2024 WL 4145224, at *1 (D. Me. Sept. 10, 2024). The supervisory DOC officials who allegedly failed to respond to or remedy Beers's 2023 and 2024 hearing aid complaints are not defendants here. Further, nothing in the record suggests that there was any relationship between Groblewski and DOC supervisory officials in 2023 or 2024 which would enable the Court to bind Hanks, Mattis, and Edmark in this case based on the supervisory officials' alleged conduct during that time.

tooth decay and a cavity. Further, Beers has failed to demonstrate that the Court can issue the prospective injunctive relief Beers requests concerning dental care oversight, or that Isabelle could effect such relief if granted by the Court. See Pac. Radiation Oncology, LLC, 810 F.3d at 633 (9th Cir. 2015); Kosilek, 630 F. Supp. 3d at 334. Accordingly, to the extent Beers is seeking injunctive relief against Isabelle, Beers has failed to demonstrate that he will suffer irreparable harm in the absence of such an injunction.

II.  Adding Defendants and Claims to this Action

As noted above, Beers has already attempted to assert claims against Hanks, Mattis, and Edmark in this case, and the Court has dismissed those claims. In his motions, Beers asks the Court to join those individuals, as well as Governor Sununu, as defendants to new claims he seeks to raise in this action, and to issue summonses for and serve them. That relief is not properly sought in a motion for preliminary injunctive relief.  See LR 7.1(a)(1) ("Filers shall not combine multiple motions seeking separate and distinct relief into a single filing. Separate motions must be filed."). Accordingly, to the extent Beers intended, in either of his motions for preliminary injunction, to add claims or defendants to this action, his requests are denied without prejudice to his ability to seek such relief through an appropriate motion.

## CONCLUSION

For the foregoing reasons, Beers's motions for preliminary injunctive relief (doc. nos. 90, 103) are denied.

SO ORDERED.

_____
Landya B. McCafferty
United States District Judge

September 23, 2024

cc: Timothy Beers, pro se
  Nathan W. Kenison-Marvin, Esq.
  Megan Alydia Sigur, Esq.
  Pamela L.P. Eaton, Esq.