**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

Timothy Beers

                    v.                                    Civil No. 20-cv-968-LM

N.H. State Prison Warden

**REPORT AND RECOMMENDATION**

Before the court is Plaintiff Timothy Beers filing entitled "Motion: Retaliation Claim" (Doc. No. 137) which seeks to add a retaliation claim to this case against former New Hampshire Department of Corrections Commissioner ("DOC") Helen Hanks and the New Hampshire State Prison ("NHSP") Warden, and seeks preliminary injunctive relief related to that putative claim. Defendant Alexis Isabelle filed an objection (Doc. No. 139). Defendant Dr. Thomas Groblewski did not respond to Mr. Beers's motion.

**Background**

Mr. Beers asserts that in March 2025, DOC officials transferred him from the NHSP in Concord, New Hampshire to the Northern New Hampshire Correctional Facility ("NCF") in Berlin, New Hampshire. Mr. Beers alleges that the transfer was a retaliatory adverse action because: the transfer caused him to lose his job at the NHSP, and because the speed of the transfer did not allow Mr. Beers to ensure that all of his hobby craft items were transferred with him, resulting in uncertainty as to whether they would be transferred at all.

Further, Mr. Beers claims that "the move went wrong," causing one of his hearing aids to be "damaged by all the water put in the case that carried them as they were

floating in water for over 7 [hours]." Doc. No. 137, at 1. Mr. Beers states that because Commissioner Hanks was present when he was being moved out of the NHSP, and that she "talked with the [sergeants] who might have put the water in the storage of the hearing aids," she knew "about the retaliation move." Id. at 2. Mr. Beers asserts that after several weeks at NCF, his hearing aids had not been returned to him or replaced.

### Request to Amend Complaint to Add Retaliation Claim

In his motion, Mr. Beers seeks to add a claim to this action alleging that his transfer from NHSP to NCF, was an adverse act made in retaliation for his filing and litigating this lawsuit. Assuming, without deciding, that a properly supported retaliation claim for filing this lawsuit could be added to this case, as explained herein, the court declines to do so here, as Mr. Beers has failed to state sufficient facts to support a retaliation claim upon which relief might be granted.

To state a claim alleging that he was retaliated against for exercising his First Amendment rights, Mr. Beers must allege facts showing that: (1) he "engaged in a protected activity," (2) prison officials took a non-de minimis adverse action against him, and (3) that "there is a causal link between" his engagement in the protected activity and the adverse act. See Hannon v. Beard, 645 F.3d 45, 48 (1st Cir. 2011) (internal citations omitted). Here, Mr. Beers has failed to assert any facts at all to demonstrate that there was any connection between his transfer to NCF and his filing and litigating of this lawsuit. Mr. Beers has not explained how the decision to transfer him was a reaction to this lawsuit or to any intention to punish him, cost him his job, or separate him from some of his hobby craft items in retaliation for exercising his First Amendment rights.

As to Mr. Beers's allegation that his hearing aids were damaged by water in their case, the only possible connection those allegations have to this case is that one of the claims pending in this matter concerns Dr. Groblewski's alleged failure to provide Mr. Beers with working hearing aids in 2019 and 2020.  However, that alone is insufficient to allow the court to conclude that damage to one of Mr. Beers's hearing aids was a retaliatory act.  Mr. Beers has not identified the person responsible for the damage to his hearing aids, whether that person was aware of his lawsuit, or even whether the damage to his hearing aids was intentional.  Accordingly, Mr. Beers has failed to assert sufficient facts to show that his transfer from NHSP to NCF was a non-de minimis adverse act motivated by retaliatory intent, and the district judge should deny his request to amend his complaint to add a retaliation claim to this case concerning his 2025 transfer from NHSP to NCF.

## **Request for Preliminary Injunctive Relief**

I.      Legal Standard

In his motion, Mr. Beers asks this court to issue an injunction directing DOC officials not to retaliate against him for filing this lawsuit.  "A preliminary injunction is an 'extraordinary' equitable remedy that is 'never awarded as of right.'" Starbucks Corp. v. McKinney, 602 U.S. 339, 345 (2024) (quoting Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 24 (2008)).

> [A] plaintiff seeking a preliminary injunction must make a clear showing that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."

McKinney, 602 U.S. at 346 (quoting Winter, 555 U.S. at 20, 22).

3

Additionally, to obtain preliminary injunctive relief, "the movant must "'establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint.'" Polansky v. Wrenn, No. 12-cv-105-PB, 2013 U.S. Dist. LEXIS 38617, at *15, 2013 WL 1165158, at *5 (D.N.H. Feb. 22, 2013) (citation omitted), R&R adopted sub nom., Polansky v. NH Dep't of Corr., 2013 U.S. Dist. LEXIS 38608, at *1, 2013 WL 1155429, at *1 (D.N.H. Mar. 19, 2013).  If the request for injunctive relief is not related to the claims asserted in the action in which the request is filed, the court does not have the authority to issue the injunctive relief requested. See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr., 810 F.3d 631, 633 (9th Cir. 2015).

As discussed above, Mr. Beers has failed to state a retaliation claim upon which relief might be granted, and therefore cannot demonstrate that he is likely to succeed on such a claim.  And, the claims which are pending in this action are unrelated to the preliminary injunctive relief sought.  Further, even if Mr. Beers was able to state an actionable retaliation claim in this matter, allegations that he lost money due to the loss of a prison job, that he may be deprived of hobby craft items, and that his hearing aids were damaged during the transfer, are insufficient to demonstrate irreparable harm, as all of those alleged harms would be remediable by a damages award for a successful retaliation claim.  See Gonzalez v. Newrez LLC, Case No. 25-cv-105-JL-AJ, 2025 U.S. Dist. LEXIS 256201, at *5, 2025 WL 3490790, at *2 (D.N.H. Nov. 3, 2025) ("The general rule in [the First] Circuit is that traditional economic damages can be remedied by compensatory awards, and thus do not rise to the level of being irreparable." (citation omitted)), R&R approved, 2025 U.S. Dist. LEXIS 254029, at *1, 2025 WL 3486926, at *1 (Dec. 3, 2025).

Mr. Beers has failed to state sufficient facts to show that he is likely to succeed on the merits of the putative retaliation claim underlying his request for a preliminary injunction, or that he would suffer harm in the absence of the injunction requested. Accordingly, he has failed to demonstrate that he is entitled to preliminary injunctive relief, and the district judge should deny his request for such relief.

### Conclusion

For the foregoing reasons, the district judge should deny Mr. Beers's "Motion: Retaliation Claim" (Doc. No. 137) seeking to add a retaliation claim to this action and obtain preliminary injunctive relief related to that claim. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Failure to file specific written objections to the Report and Recommendation within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

Andrea K. Johnstone
United States Magistrate Judge

February 24, 2026

cc:     Timothy Beers, pro se
        Nathan W. Kenison-Marvin, Esq.
        Duncan A. Edgar, Esq.
        Megan Alydia Sigur, Esq.
        Pamela L.P. Eaton, Esq.